UNITED STATES

v.

**Staff Sergeant Charles E. WIGGINS, Jr., FR 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, United States Air Force.**

**ACM 23386.**

U. S. Air Force Court of Military Review.

Sentence Adjudged 30 Oct. 1981.

Decided 21 June 1982.

Appellate Counsel for the Accused: Colonel George R. Stevens and Captain William Connelly, USAFR.

Appellate Counsel for the United States: Colonel James P. Porter and Captain Richard O. Ely, II.

Before HODGSON, POWELL and MILLER, Appellate Military Judges.

## DECISION

### PER CURIAM:

Contrary to his pleas, the accused was convicted of wrongfully possessing and transferring lysergic acid diethylamide (LSD), and wrongfully transferring marijuana, in violation of Articles 92 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 934.* He was sentenced to a dishonorable discharge, five years' confinement at hard labor, forfeiture of $100.00 per month for five years and reduction to airman basic.

On 1 May 1981, the accused transferred to Airman Condor 150 "hits" of LSD. Later that day Condor transferred 140 of these "hits" to an undercover Office of Special Investigations (OSI) agent. This re-sulted in Condor being arrested, and agreement by him to assist the OSI in its investigation of the accused. Condor was to arrange a meeting with the accused in his (Condor's) room which would be recorded on a hidden video camera. Condor contacted the accused and indicated he was able to sell only 100 "hits" of the LSD the accused had given him. He placed the remaining 40 "hits" and 200£ in British currency on a table in the room. If the accused picked up the LSD and the money, this would indicate the property was his and suggest that he had given the LSD to Condor earlier in the week. The meeting on 6 May went as planned with the accused counting the money, and placing the LSD in his shoe. He was arrested as he left the room.

The accused seeks to suppress the video tape of himself and Condor together with the money and LSD found on his person. (Specification 11, Charge I.) He argues that his picking up of the money and LSD was a "verbal act", and Condor was not just an informant, but a *de facto* OSI agent. Accordingly, Condor's failure to advise him of Article 31, 10 U.S.C. § 831 rights made inadmissible the videotape, the money and the LSD.

The military judge found the accused's conduct a nonverbal statement, but made during the course of a conversation with a person known to him as a trafficker in drugs. Further, while the opportunity to make an incriminating statement was present, it was neither coerced nor induced by Condor. The military judge ruled that an Article 31 warning was not required.

The record supports the judge's ruling. The accused did not perceive his encounter with Condor to be an official interrogation or anything other than a business meeting. *United States v. Duga*, 10 M.J. 206 (C.M.A. 1981); *accord United States v. Kirby*, 8 M.J. 8 (C.M.A.1979); *United States v. Barrett*, 11 M.J. 628 (A.F.C.M.R.1981).

The findings of guilty and the sentence are

AFFIRMED.

---

\* He was acquitted of two additional allegations of wrongfully transferring lysergic acid diethyl-amide.