**UNITED STATES, Appellee,**

v.

**Staff Sergeant Leon G. BATTLE, Jr.,
377–54–4256, United States
Army, Appellant.**

**SPCM 21225.**

U.S. Army Court of Military Review.

24 June 1985.

Released for Publication 26 June 1985.

Lieutenant Colonel William P. Heaston, JAGC, Major Edwin D. Selby, JAGC, and Captain J. Andrew Jackson, JAGC, were on the pleadings for appellant.

Colonel James Kucera, JAGC, Lieutenant Colonel Adrian J. Gravelle, JAGC, Lieutenant Colonel Joseph A. Rehyansky, JAGC, and Captain Stephen B. Pence, JAGC, were on the pleadings for appellee.

Before SUTER, RABY and NAUGHTON Appellate Military Judges.

### OPINION OF THE COURT

**PER CURIAM:**

Pursuant to his pleas, the appellant was convicted by a military judge sitting as a special court-martial of violating USFK

Regulation 27–5, Legal Services: Individual Conduct (25 Oct. 1983) [hereinafter cited as USFK Reg. 27–5], and USFK Regulation 60–1, Exchange Service: Ration Control (1 Sept. 1982) [hereinafter cited as USFK Reg. 60–1], by wrongfully transferring goods and by failing to show proper disposition of duty free goods, in violation of Article 92, Uniform Code of Military Justice, 10 U.S.C. § 892 (1982). He was sentenced to forfeiture of $300 pay per month for two months, confinement for two months, a bad-conduct discharge, and reduction to the grade of E–1. The convening authority approved the sentence.

On appeal, the appellant contends that his sentence is excessive and that the accountability required by USFK Reg. 27–5 and USFK Reg. 60–1 violates his fifth amendment right against self-incrimination. We find both of these assertions to be without merit. In so concluding,[1] we have made the following factual determinations: the United States Army sends military forces into the sovereign nation of the Republic of Korea for mutually beneficial reasons of national security; the appellant was a noncommissioned officer on active duty in the United States Army and stationed in the Republic of Korea at the time of his offenses; the import and export of goods to and from the Republic of Korea by members of the United States Armed Forces are matters of political concern between the Republic of Korea and the United States of America; the SOFA contains vital agreements concerning sensitive customs matters and identifies certain related rights and obligations attending members of our Armed Forces who are stationed in the Republic of Korea; and, USFK Reg. 27–5 is designed, in part, to prohibit conduct by members of our force which would violate the spirit and scope of the SOFA, particularly with respect to customs control. In light of these findings, we find both the appellant's prosecution for regula-

tory violations and his sentence appropriate.

The findings of guilty and the sentence are affirmed.

---

1. We take judicial notice of the existence and contents of the Agreement on the Status of United States Armed Forces in Korea, July 9, 1966, United States—Republic of Korea, 80 Stat. 271, 1 U.S.C. § 113 [hereinafter cited as SOFA].