UNITED STATES, Appellee,

v.

Sergeant Jeffrey D. HOLMAN, 413–11–0988, United States Army, Appellant.

CM 448359.

U.S. Army Court of Military Review.

23 Oct. 1986.

For Appellant: Captain Alfred H. Novotne, JAGC (argued); Lieutenant Colonel Arthur L. Hunt, JAGC, Major Jerry W. Peace, JAGC (on brief).

For Appellee: Captain Vito A. Clementi, JAGC (argued); Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Lieutenant Colonel Larry D. Williams, JAGC, Captain Samuel J. Rob, JAGC (on brief).

Before MARDEN, PAULEY and De GIULIO, Appellate Military Judges.

## OPINION OF THE COURT

De GIULIO, Judge:

Contrary to his pleas, appellant was found guilty by a military judge sitting as

a general court-martial of violation of a lawful general regulation (by blackmarketing) and making a false official statement in violation of Articles 92 and 107, Uniform Code of Military Justice, 10 U.S.C. §§ 892 and 907 (1982) [hereinafter cited as UCMJ]. He was sentenced to a bad-conduct discharge, confinement for ten months, forfeiture of all pay and allowances and reduction to Private E-1. The convening authority approved the sentence.

A routine check of a computer print-out revealed that appellant had purchased a number of high value items from the Post Exchange in Korea. A Criminal Investigation Command (CID) agent arranged with appellant's unit to have him available for an accounting for possession or legal disposition of the items, commonly termed as a "show and tell", pursuant to United States Forces Korea Regulation 27-5, Legal Services: Individual Conduct (25 Oct. 1983) [hereinafter cited as USFK Reg. 27-5]. Appellant took the CID agents into his apartment in Seoul where he was unable to show all the items on the computer print-out. He stated that some items were given away, some items were sold to relatives, and some had been mailed home. Appellant indicated that his wife had the receipts for the items mailed. After returning to appellant's unit and while the CID agents were briefing the company commander, appellant provided eight false mail receipts. The mail receipts are the subject of the false official statement offense. Appellant was taken to the CID office, advised of his Article 31, UCMJ, 10 U.S.C. § 831, rights and processed as a suspect.

Appellant asserts several assignments of error, only three of which warrant discussion. Appellant alleges, *inter alia*, that the military judge erred by admitting into evidence the mail receipts because they were procured in violation of Article 31, UCMJ, that the laboratory report should not have been admitted into evidence because portions of it do not qualify as a business record under Manual for Courts-Martial, United States, 1984, Mil.R.Evid. 803(6) (commonly known as the business record exception to the hearsay rule), and that the staff judge advocate erred to appellant's prejudice by misinforming the convening authority as to the nature of his pretrial restraint. We disagree and affirm.

### The Mail Receipts.

█ It has been held that the "show and tell" provision of USFK Reg. 27-5 does not violate the right against self incrimination. *United States v. Battle*, 20 M.J. 827 (A.C. M.R.), *petition denied*, 21 M.J. 317 (C.M.A. 1985). Although we believe that failure to provide Article 31, UCMJ, rights warnings in this case does not preclude admissibility of the false mail receipts, we need not decide that question. An examination of the evidence of record reveals that, after return to his unit, appellant left the presence of the CID agents. He returned later and provided the agents with the false receipts. We find as fact, as did the military judge, that the appellant's actions in providing the receipts were voluntary and initiated by him and not in response to any questions by the CID agent. Thus, the receipts were not obtained in violation of Article 31, UCMJ. *See United States v. Collier*, 1 M.J. 358 (C.M.A.1976); *United States v. Workman*, 35 C.M.R. 200 (C.M.A. 1965).

### Admissibility of the Laboratory Report.

At trial, prior to the military judge admitting a laboratory report of handwriting analysis, appellant's defense counsel objected to the court taking judicial notice that the CID crime laboratory is a forensic laboratory whose regular course of business is to apply scientific methods, principles, testing and analysis to various items and make a report of that analysis.[1] The basis of the objection appears to be that there was insufficient proof of the reliability and the qualifications of the forensic laboratory to

---

1. Exemplars of appellant's handwriting, as well as the questioned documents, had been submitted to the court for its own comparison.

show that it was qualified to do the particular analysis. When questioned by the military judge, defense counsel made it clear that the laboratory technician was not requested as a witness, but that the prosecution should present additional evidence of the forensic laboratory's qualifications before the court, prior to admission of the laboratory report. The military judge properly overruled the objection.

■ It is well settled in military law that a laboratory analysis conducted in the regular course of business by a qualified chemist of a private or governmental agency qualifies and is admissible as a business record. *United States v. Evans,* 45 C.M.R. 353 (C.M.A.1972). Appellant urges that laboratory reports concerning chemical analysis are admissible as business entries, but that handwriting analysis is not. We fail to find that distinction.[2] Testimony at trial sufficiently demonstrated that the laboratory report was genuine and came through reliable sources from the laboratory which prepared the report in the regular course of business; thus, the report was properly admitted under the business record exception to the hearsay rule. *See United States v. Porter,* 12 M.J. 129 (C.M.A.1981); *see also United States v. Vietor,* 10 M.J. 69 (C.M.A.1980). The admissibility of the document as a business record does not bar an accused from attacking the accuracy of the report by calling the witness to test his expertise and the regularity of the procedures employed. *United States v. Miller,* 49 C.M.R. 380 (C.M.A.1974). The accused can assert his right to cross-examine by calling the declarant as a witness and examining him as if under cross-examination. *Miller,* 49 C.M.R. 380, 383. These rules have been incorporated into Mil.R.Evid. 803(6) and Mil.R.Evid. 806. Appellant should not be

rewarded for failure to follow rules established to test the reliability and qualifications of laboratory personnel.

■ Assuming, *arguendo,* that the laboratory report was improperly admitted, appellant's substantial rights were not prejudiced because we find that the record of trial, absent the report, contains sufficient evidence to affirm the findings of guilty to the false official statement offense.

### The Staff Judge Advocate's Recommendation.

■ Finally, appellant requests a new recommendation and action because the staff judge advocate's recommendation erroneously informed the convening authority that appellant was not subject to pretrial restraint when, in fact, appellant was in pretrial confinement for nine days. The staff judge advocate is required to inform the convening authority of the nature and duration of pretrial restraint under R.C.M. 1106(d)(3)(c). No doubt, the staff judge advocate's recommendation was erroneous in that respect. Failure to raise a defect of this nature in a comment to the staff judge advocate's recommendation results in waiver of the defect. Waiver does not lead to an egregious result considering that appellant will be credited administratively with time served in pretrial confinement by confinement facility authorities.

Accordingly, we find that the staff judge advocate's recommendation was erroneous, but that the error was waived by the defense counsel's failure to comment on that error in the defense comment to the recommendation.

The remaining assignments of error, to include those personally raised by appellant, are without merit. The findings of guilty and the sentence are affirmed.

---

2. Indeed, "forensic laboratory reports" are specifically mentioned in two hearsay exceptions— *"records of regularly conducted activity,"* Mil.R. Evid. 803(6), and *"public records and reports,"* Mil.R.Evid. 803(8). Even if the report recites the opinion of an expert, admissibility is not impaired because Mil.R.Evid. 803(6) authorizes the reception in evidence of "opinions" contained in "records of regularly conducted activity," such as "forensic laboratory reports." *See United States v. Vandelinder,* 20 M.J. 41, 46 (C.M.A.1985).

Judge PAULEY concurs.

Senior Judge MARDEN took no part in the decision of this case.