Terence James COLEMAN, Appellant,

v.

**STATE of Texas, Appellee.**

No. 01–85–0976–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 8, 1987.
Rehearing Denied Aug. 31, 1987.

**476**

Allen C. Isbell, Houston, for appellant.

John B. Holmes, Jr., Harris County Dist. Atty., Winston E. Cochran, Jr., Mike Anderson, Harris County Asst. Dist. Attys., Houston, for appellee.

Before EVANS, C.J., and JACK SMITH and WARREN, JJ.

## OPINION

JACK SMITH, Justice.

This is an appeal from a conviction for two counts of aggravated robbery. The appellant entered a plea of guilty to both counts before the jury, which assessed his punishment at five years on each count.

The complainants, Jesse and Lisa Valdez, were robbed at gunpoint by the appellant and three other men. Jesse Valdez let the appellant into his home because the appellant had been a visitor in his home on two prior occasions. After the appellant and his three companions gained entry, they tied up the complainants at gunpoint and took money and jewelry.

Appellant was charged in two separate counts in a single indictment with aggravated robbery of Jesse Valdez and Lisa Valdez. Before entering his plea of guilty, appellant made an oral motion requesting the State to elect between the two counts of aggravated robbery. The trial court denied the motion, and the State proceeded on both counts.

In his first four points of error, appellant challenges the constitutionality of the trial court's jury instruction regarding parole which was given in the language of Tex. Code Crim.P.Ann. art. 37.07, sec. 4(a)–(d) (Vernon 1981). In point of error one, appellant argues that Tex.Code Crim.P.Ann. art. 37.07, sec. 4 (Vernon 1981) violates article II, section 1 of the Texas Constitution in that it is a legislative encroachment upon judicial powers. In point of error two, appellant contends that the statute constitutes a legislative encroachment on the executive branch's clemency powers embodied in the parole system, which violates article IV, section 11 of the Texas Constitution. Point of error three contends that the statute was unconstitutional because it invites the jury to speculate on matters outside its tasks of deciding proper punishment. Point of error four contends that the instruction stated in the language of article 37.07, section 4(a)–(d) was unconstitutional because it was confusing and vague.

The charge to the jury was given in the exact statutory language contained in article 37.07, except that the last sentence, which provides, "[y]ou are not to consider the manner in which the parole law may be applied to this particular Defendant," was omitted at the request of the appellant.

At trial, appellant objected to the portion of the jury charge that contained the language of article 37.07, section 4(a)–(d), and asked that it be deleted. That objection and request is as follows:

> [DEFENSE COUNSEL]: ... Your Honor, we would request and move that this entire section previously read be deleted from the charge due to the fact that it is *vague*, it is *misleading*, and there is absolutely no evidence in the record to support the submission of this portion of the charge to the jury. (Emphasis added.)
> THE COURT: Does the State want to respond?
> [PROSECUTOR]: Yes, Your Honor. In response, we would just state this is the law that has been enacted by our legislature and we feel it is not vague or misleading. If anything, it bends over backwards to accommodate the Defendant in telling these folks they can't consider what the parole laws are, and we just ask the Court to follow the legislature's rulings and the law passed by the legislature.
> THE COURT: I have grave doubt about the constitutionality about this section. And I certainly believe, Mr. Zavoda, your argument has merit. However, I have been provided this law by the legislature, and to my knowledge it has not been tested and I am reluctant to put you in a position to test this law, but I think it must be tested and I am going to deny your request; and I assume we will find out later if your argument holds water.
> [DEFENSE COUNSEL]: Thank you, Your Honor.

■ Appellant did not object to the constitutionality of the statute at trial, in the manner raised before this Court. As a general rule, the point of error presented on appeal must be the same as the objection raised at trial; otherwise it is waived.

*Simpkins v. State,* 590 S.W.2d 129, 135 (Tex.Crim.App.1979).

Appellant raises the constitutionality of the statute for the first time on appeal. The Texas courts of appeals have been divided as to whether the constitutionality of a statute may be raised for the first time on appeal. *Chaires v. State,* 704 S.W.2d 397, 398–399 (Tex.App.—Corpus Christi 1985, no pet.). This Court has held that the constitutionality of a statute may not be raised on appeal unless the issue was first raised at trial. *Casares v. State,* 712 S.W.2d 818, 821 (Tex.App.—Houston [1st Dist.] 1986, no pet.); citing *James v. State,* 635 S.W.2d 653, 655–656 (Tex.App.—Fort Worth 1982, no pet.); *Chaires v. State,* 704 S.W.2d 397, 398–399 (Tex.App.—Corpus Christi 1985, no pet.). But, in *Moore v. State,* 672 S.W.2d 242, 243 (Tex.App.—Houston [14th Dist.] 1983, no pet.), the court held that a constitutional challenge may be reviewed for the first time on appeal. We note that in *Moore,* the court cited no specific precedential authority to support its position.

■ We adhere to our decision in *Casares* and hold that the constitutionality of a statute may not be raised on appeal unless the specific issue raised on appeal was first raised at trial. Appellant's first three points of error are overruled.

■ Appellant's fourth point of error claims that the trial court's instruction was unconstitutional because it was confusing and vague. On appeal, he alleges that the instruction was confusing and vague because there was an incorrect cross reference to Tex.Code Crim.P.Ann. art. 42.12 (Vernon Supp.1986). The State contends that the appellant failed to preserve error because appellant did not argue at trial that there was an incorrect cross reference to article 42.12. We agree.

■ Appellant's objection at trial that the instruction was vague and misleading does not comport with the contention he makes in his fourth point of error. Furthermore, the objection was a general objection, which does not state why the instruction was vague and misleading; thus,

it did not apprise the court of anything. Any objection must be specific enough to inform the court of the objector's complaint; otherwise, a court cannot make an intelligent ruling. *Goodrich v. State*, 632 S.W.2d 349 (Tex.Crim.App.1982). When an objection is made, it must not only identify what is objected to, but must set forth grounds for the objections. *Cisneros v. State*, 692 S.W.2d 78, 83 (Tex.Crim.App. 1985).

The appellant's fourth point of error is overruled.

In his final point of error, appellant contends that the conviction in count two of the indictment is void because the trial court was without authority to enter two convictions for offenses arising out of a single transaction alleged in a single indictment. He argues that since aggravated robbery is not a "property offense," under the holding of *Drake v. State*, 686 S.W.2d 935 (Tex.Crim.App.1985), the State cannot charge both counts of aggravated robbery in a single indictment. In *Drake*, the Texas Court of Criminal Appeals interpreted article 21.24(a) to prevent the State from alleging in any single indictment two or more "non-property" offenses arising out of the same criminal transaction, if the offenses were not violations of Title 7 of the Texas Penal Code. *Id.* at 944; *see Ex parte Siller*, 686 S.W.2d 617, 620 (Tex. Crim.App.1985).

■ Appellant is incorrect that aggravated robbery is not one of the offenses covered under article 21.24(a) of the Texas Code of Criminal Procedure, which provides that two or more offenses may be joined in a single indictment, information, or complaint, with each offense stated in a separate count, if the offense arises out of the same criminal episode as defined in Chapter 3 of the Penal Code. Section 3.01 specifically refers to Title 7 in defining the word "offense." Aggravated robbery is one of the offenses listed under Title 7. Tex.Penal Code Ann. sec. 29.03 (Vernon 1984). In *Benavidez v. State*, 655 S.W.2d 233, 234–35 (Tex.App.—Corpus Christi 1983, pet. ref'd), the court held that aggravated robbery fell within Title 7, and thus, the State was entitled to charge the appellant with the repeated commission of aggravated robbery in a single indictment. We hold that the two counts contained in the single indictment were correctly joined.

■ Appellant next urges that the trial court was without authority to enter two convictions for two offenses arising out of a single transaction alleged in a single indictment. A well-settled rule is that when, in the same indictment, two or more felonies are related in different counts, the accused may be convicted of only one count. *Beaupre v. State*, 526 S.W.2d 811, 816 (Tex.Crim.App.1975). However, the Texas Court of Criminal Appeals stated in *Ex parte Siller*, 686 S.W.2d at 619, that "the legislature had introduced its own concept of multiple prosecution just for repeated commissions of any one offense defined in Title Seven." Sections 3.01 through 3.04 authorize multiple prosecution of Title 7 offenses. Section 3.02(a) states that "[a] defendant may be prosecuted in a single criminal action for all offenses arising out of the same criminal episode." Tex.Penal Code Ann. sec. 3.02(a) (Vernon 1974). Section 3.03 states that "[w]hen the accused is found guilty of more than one offense arising out of the same criminal episode prosecuted at a single criminal action, sentence for each offense for which he has been found guilty shall be pronounced." Tex.Penal Code Ann. sec. 3.03 (Vernon 1974). Section 3.01 defines criminal episode as the repeated commission of any one offense defined in Title 7. Tex.Penal Code Ann. sec. 3.01 (Vernon 1974).

In the present case, the two counts in the indictment each alleged "one offense" within the meaning of section 3.01 because both offenses were aggravated robbery. *Compare Topkins v. State* 713 S.W.2d 374 (Tex. App.—Houston [1st Dist.] 1986, no pet.) (robbery and aggravated robbery did not constitute the repeated commission of any one offense as required by section 3.01, and could not support two convictions in a single indictment because they were each separately defined in Title 7, and they had different elements, different punishments, and different parole consequences). In the

present case, the indictment could have supported two convictions. However, the appellant made a motion to the court to force the State to elect between the two counts. He announced that he was going to plead guilty to count number one and stated that since the second count arose out of the same transaction, it would be superfluous.

Although the appellant made an oral motion to elect rather than a motion to sever, we are of the opinion that the motion apprised the trial court that the appellant did not desire to have the two offenses tried in a common trial. *See Rice v. State*, 646 S.W.2d 633, 635 (Tex.App.—Houston [1st Dist.] 1983, pet. ref'd) (appellant's objection to the consolidation of two offenses was sufficient to apprise the trial court.) Thus, appellant's motion amounted to a request for a severance under section 3.04, which gives the defendant the right to a severance of Title 7 offenses. The Texas Court of Criminal Appeals has held that there is a mandatory right to a severance under section 3.04 only for a joinder of Title 7 offenses. *Callins v. State*, No. 69,023, slip op. at 5 (Tex.Crim.App. July 2, 1986). When a request is made to sever, the trial court must grant the request, and the failure to do so results in reversible error. *Overton v. State*, 552 S.W.2d 849, 850 (Tex.Crim. App.1977).

We sustain the appellant's argument that the second count in the indictment should have been severed.

■ The appellant and State agree that the conviction and sentence of appellant on count one should be affirmed. However, appellant contends that his conviction under count two should be reversed and further prosecution barred on count two, while the State contends that, if we reverse as to count two, further disposition of the cause should be left to the trial court.

We agree with the State's contention because this places the parties in the same position they would have been in if the trial court had granted the appellant's motion to sever, as it should have done.

The judgment and sentence of the trial court are affirmed as to count one. We reverse the appellant's conviction on count two, order a severance of count two, and remand count two to the trial court.