[No. C0001261. Third Dist. Apr. 9, 1987.]

THE PEOPLE, Plaintiff and Respondent, v.
DOUGLAS DEAN BRYANT, Defendant and Appellant.

1570

COUNSEL

Frank O. Bell, Jr., State Public Defender, under appointment by the Court of Appeal, and David Y. Stanley, Deputy State Public Defender, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, and W. Scott Thorpe, Deputy Attorney General, for Plaintiff and Respondent.

## Opinion

EVANS, J.—Following a finding that defendant was unfit to be dealt with by the juvenile court (Welf. & Inst. Code, § 707), he was charged in adult superior court with murder (Pen. Code, § 187). There, he unsuccessfully moved to have the trial judge recuse himself from presiding over further criminal proceedings on the ground that the judge, the Honorable James Kleaver, had also conducted the fitness hearing. Defendant then agreed to submit the matter on the transcript of the preliminary examination with the understanding that he would be found guilty of voluntary manslaughter (Pen. Code, § 192). He was thereafter so convicted and sentenced to state prison for the middle term of six years.

On appeal he contends the trial court erred when it denied his motion for disqualification or recusal. We disagree and shall affirm the judgment.

The motion for the trial court to recuse itself was, in its entirety, as follows:

"Mr. Knoll: The other matter is, I believe I brought this up at the fitness hearing. I did a little bit of research on it last week. It appears to me there is some question as to whether the trier of fact who hears the fitness hearing can actually sit on the—I don't know what proceedings—they're certainly not the trial of the case in general.

"The Court: The issue that you raised earlier, I think, relates to the ability of [the] judge who hears the fitness hearing to then preside at the jurisdiction hearing if it continues to be in juvenile court, absent an objection on the part of a juvenile, now, being the juvenile court. I know of no provisions either in case law or statute, although I'm certainly subject to being corrected on it, that is an automatic preclusion of the judge who hears the fitness hearing from hearing the case involving the criminal charge in adult superior court. I'm simply not aware of any.

"Mr. Knoll: I agree that's what that case was about. But my recollection of that case was that the fact that in the fitness hearing, the trier of fact, the sitting judge, read the probation report which contained quite a bit of hearsay material that would not be normally admissible in a contested hearing or in some of the other types of hearings that we have. And I think that that was what the objectionable portion of it was. Consequently, I believe that we find ourselves in that same position in this case.

"THE COURT: If I understand, technically, what the motion is, the motion would be for me to, in effect, recuse myself from trial of the adult criminal charge because of having presided at the fitness hearing?

"MR. KNOLL: Yes.

"THE COURT: And you and your client, of course, understand that your peremptory disqualifications right, that is not contingent on that?

"MR. KNOLL: Right.

This is not a peremptory at all.

"THE COURT: No. And that . . . right does continue in any event. Okay. The motion for recusal, based on the fact that I presided at the fitness hearing, is taken under submission."

By written ruling the court denied the motion stating, "There is no authority cited for the disqualification of the fitness hearing judge in a trial of that person before a jury as an adult." Thereafter, defendant submitted the matter on the transcript of the preliminary examination with the understanding he would be found guilty of voluntary manslaughter.

■ In contending the court erred in denying his motion to disqualify Judge Kleaver from presiding at further proceedings in adult superior court because Judge Kleaver had also presided over the fitness hearing in juvenile court, defendant argues (1) disqualification was required pursuant to Code of Civil Procedure section 170.1, subdivision (a)(1),[1] and (2) this procedure violated his privilege against self-incrimination and his right to due process. We shall affirm the judgment.

Code of Civil Procedure section 170.3, subdivision (c)(1), sets forth the procedure to be followed when, *as here,* a judge refuses to disqualify himself. This section provides in relevant part: "If a judge who should disqualify himself or herself refuses or fails to do so, any party may file with the clerk a written verified statement objecting to the hearing or trial before the judge and setting forth the facts constituting the grounds for disqualification of the judge."

Thus, once Judge Kleaver had refused to disqualify himself, it was incumbent upon defendant, if he still desired to challenge this judge's qualification to preside over further proceedings, to proceed in conformity with subdivi-

---

[1]This section provides in pertinent part: "(a) A judge shall be disqualified if any one or more of the following is true: [¶] (1) The judge has personal knowledge of disputed evidentiary facts concerning the proceeding."

sion (c)(1) of section 170.3 by filing the verified statement of reasons for disqualification.

But, defendant argues, he was not required to file a written statement of reasons setting forth the grounds for disqualification because the parties, including the court, had essentially waived that requirement by going forth and hearing the motion. This argument demonstrates his basic misunderstanding of the disqualification process provided for by sections 170.1 and 170.3.

Subdivision (c)(5) of section 170.3 provides in part: "No judge who refuses to recuse himself or herself shall pass upon his or her own disqualification . . . ." There is nothing in section 170.1 which prohibits any party from first orally requesting the court to disqualify itself; however, upon refusal of the court to grant the request, if the party requesting disqualification still wishes to challenge the judge then the party must proceed in conformity with subdivision (c)(1) of section 170.3 and file the verified statement of reasons for disqualification which is to be heard before a judge other than the one for whom disqualification is sought.

Here, by oral motion defendant first requested the judge to disqualify himself. He refused and defendant did not pursue the matter, possibly because the parties had reached an agreement that defendant would submit the matter on the transcript of the preliminary hearing and be found guilty of manslaughter. Consequently, defendant's failure to avail himself of the statutory remedy provided by subdivision (c)(1) of section 170.3 following the judge's refusal to disqualify himself must be deemed a waiver.

■ Defendant argues that his privilege against self-incrimination was violated by permitting the judge who presided at his fitness hearing to also preside over criminal proceedings in adult court. At no time did defendant object to Judge Kleaver's conducting further proceedings on self-incrimination grounds. Having failed to do so he may not assert such a claim for the first time on appeal. (*People* v. *Collie* (1981) 30 Cal.3d 43, 49 [177 Cal.Rptr. 458, 634 P.2d 534, 23 A.L.R.4th 776].)

■ Defendant also argues that permitting Judge Kleaver to continue to preside over superior court proceedings violated his due process rights. This is so, he claims, because at the fitness hearing defendant testified to having committed another crime (automobile theft) and to being a habitual liar and drug user. Since none of this evidence would have been admissible at trial, and probably would not even have been known at sentencing were it not for defendant's having divulged it before Judge Kleaver at the fitness hearing, there exists the possibility that it influenced Judge Kleaver at trial and at sentencing.

We find it difficult to see how the foregoing procedure could have violated defendant's right to due process, i.e., was fundamentally unfair to him, at trial when (1) defendant failed to avail himself of the statutory remedy for testing the disqualification of the judge, and (2) he submitted the matter on the preliminary hearing transcript with the understanding he would be found guilty of voluntary manslaughter.

As to any claimed unfairness at sentencing due to the court's knowing that defendant was a drug user and liar, these factors were not likely to affect the outcome inasmuch as it is frequently the case that criminal defendants are involved with drugs[2] and that they are prone to lie.

Defendant's concern that the court considered under California Rules of Court, rule 421(b)(2), evidence of the automobile theft is groundless. Subdivision (b)(2) provides, "The defendant's prior convictions as an adult or adjudications of commission of crimes as a juvenile are numerous or of increasing seriousness." The vehicle theft admitted by defendant was neither a conviction as an adult nor an adjudication in juvenile court for the commission of a crime. Therefore, this offense would not have been included within rule 421(b)(2) and presumably was not so considered by the court.

In sum, defendant's failure to comply with the statutory requirements regarding disqualification of a judge under Code of Civil Procedure sections 170.1 and 170.3 constitutes a waiver of such a challenge, his failure to present in the lower court his claim of violation of the privilege against self-incrimination precludes his raising that claim for the first time on appeal, and he has failed to demonstrate that the procedure complained of resulted in any fundamental unfairness to him.

The judgment is affirmed.

Puglia, P. J., and Sims, J., concurred.

---

[2]Indeed, this may well be a mitigating factor. (See Cal. Rules of Court, rule 423(b)(2), providing as a factor in mitigation that "The defendant was suffering from a mental or physical condition that significantly reduced his culpability for the crime.")