**UNITED STATES**

v.

**Senior Airman Theressie JONES, FR 587–92–2367, United States Air Force.**

**ACM 25904.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 18 Dec. 1986.

Decided 21 April 1988.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Lieutenant Colonel Patrick C. Sweeney.

Appellate Counsel for the United States: Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni and Captain Marc Van Nuys.

Before HODGSON, HOLTE, FORAY, MICHALSKI, LEWIS, SESSOMS, BLOMMERS and MURDOCK, Appellate Military Judges, En Banc.

## DECISION UPON FURTHER REVIEW

HODGSON, Chief Judge:

On 18 December 1986, the appellant entered an unconditional guilty plea to violating paragraphs 3f and 3h of USCINCPAC REP PHIL INSTRUCTION 4066.7Q, 4 April 1986,[1] by transferring duty free goods, i.e., a motor vehicle, to an unauthorized person and by failing to show possession or authorized disposition of tax-exempt motor vehicles. Directives of this type are generally referred to as "show and tell" regulations.

In our initial review, we considered a single assigned error, raised for the first time on appeal, wherein the appellant claimed that the paragraph provisions upon which her conviction rests are unconstitutional as they violated her right against self-incrimination. We found the assigned

---

1. This regulation provides for the control of tax-exempt merchandise purchased by individuals authorized to do so at military installations in the Republic of the Philippines.

error to be meritless and affirmed her conviction. *United States v. Jones,* ACM 25904, 18 June 1987. Our decision was based on earlier precedents from both the Court of Military Appeals and the Courts of Military Review. *See United States v. Lavine,* 13 M.J. 150 (C.M.A.1982); *United States v. French,* 14 M.J. 510 (A.F.C.M.R. 1982); *United States v. MacDonald,* 14 M.J. 615 (A.F.C.M.R.1982), *pet. denied* 15 M.J. 95 (C.M.A.1983); *United States v. Battle,* 20 M.J. 827 (A.C.M.R.1985), *pet. denied* 21 M.J. 317 (C.M.A.1985).

Subsequently, the Court of Military Appeals granted a petition for review as to whether paragraph 3h of the regulation previously cited, which imposed criminal liability for failure to account for a tax-exempt motor vehicle, violates the appellant's rights against self-incrimination. *United States v. Jones,* 25 M.J. 300 (C.M.A.1987). They had earlier granted a petition for review involving a similar merchandise control Army regulation that was in force in Korea. *United States v. Lee,* 22 M.J. 378 (C.M.A.1986).

On 2 March 1988, with the three judges writing separate opinions, the Court of Military Appeals reversed a soldier's conviction for blackmarketing, holding that the military police clearly suspected him of an offense at the time he was requested to account for the tax-exempt items he had purchased. Accordingly, the statements he made acknowledging blackmarketing should not have been admitted. *United States v. Lee,* 25 M.J. 457 (C.M.A.1988). The court did not address, except as *obiter dictum,* the granted issue of whether the regulation itself was unconstitutional as a violation of the Fifth Amendment privilege against self-incrimination. Instead, the case was decided on the narrow ground of the failure of the military authorities to advise the accused properly pursuant to Article 31 of the Code, 10 U.S.C. § 831. While all three judges agreed that this was reversible error, there was no consensus as to the constitutionality of the underlying regulation. Chief Judge Everett concurred in the principal opinion by Judge Sullivan, but argued that the regulation itself was unconstitutional. Judge Cox agreed that the record established that Lee was, as a matter of law, suspected of violating the ration-control regulations at the time the "show and tell" procedure was begun. In that regard, he concurred in reversing Specification 1 of the Charge. However, he dissented from Chief Judge Everett's conclusion that the regulatory program was unconstitutional. Thus, the granted issue in *Lee* was not decided. *United States v. Lee, supra,* at 465.

The day the *Lee* opinion was released, the Court of Military Appeals remanded the appellant's case to us so that we might have the opportunity to review it in light of their decision in *Lee.* They suggested it would be appropriate for us to consider, *en banc,* the application and constitutionality of the challenged regulation. *United States v. Jones,* 26 M.J. 165 (C.M.A.1988).

Wherever possible an appellate court's decision should be structured on the narrowest ground consistent with resolving the issue then on appeal. There are two reasons for this principle: 1) to conserve judicial resources; and 2) to insure the issue discussed is the issue decided. Accordingly, we have concluded that the case before us does not lend itself to a discussion of the constitutionality of the "show and tell" regulation as the appellant's appeal may be disposed of on a more restricted basis.

As earlier indicated, the appellant unconditionally pleaded guilty to blackmarketing. A guilty plea invariably results in an abbreviated recitation of the facts. In such cases, the record is not as complete as it would be if issues later raised on appeal were first presented at trial. Here, for example, the appellant, unlike the accused in *Lee,* made no incriminating statements. In fact, during the *Care*[2] inquiry, she indicated that she had told the questioning

**2.** *United States v. Care,* 18 U.S.C.M.A. 535, 40 C.M.R. 247 (1969).

agents she had nothing to say and terminated the interview.

■ Generally, the right of appeal is limited in guilty plea cases [3] and particularly so where an appellant has not preserved the appellate challenge by entering a conditional guilty plea. *United States v. Curcio*, 712 F.2d 1532 (2d Cir.1983); *Miller v. McCarthy*, 607 F.2d 854 (9th Cir.1979); *see also* R.C.M. 905(e) and R.C.M. 910(a)(2) and (j). For the most part, constitutional challenges not raised before the trial court are not cognizable on appeal unless they constitute plain error. *United States v. Huckaby*, 698 F.2d 915 (8th Cir.1982), *cert. denied*, 460 U.S. 1070, 103 S.Ct. 1526, 75 L.Ed.2d 948 (1983). The reason for requiring a timely objection is to give the trial judge the opportunity to rule on the accused's constitutional claim. *O'Bryan v. Estelle*, 714 F.2d 365 (5th Cir.1983), *cert. denied* 465 U.S. 1013, 104 S.Ct. 1015, 79 L.Ed.2d 245 (1984). Obviously here, where there is a dispute over a claimed self-incrimination issue, the government would have a chance to respond with witnesses who were immediately available and whose memories were reasonably fresh.

■ There are a number of federal decisions touching upon the appellant's failure to raise a constitutional claim at the trial court level. In *United States v. Coleman*, 707 F.2d 374 (9th Cir.1983), the appellant argued, for the first time on appeal, that the registration requirement of the National Firearms Act denied him his Fifth Amendment right against self-incrimination. The appellant's claim was rejected with the observation that such a Fifth Amendment objection must be timely raised during the trial or it may not be asserted on appeal. The *Coleman* decision followed *United States v. Williams*, 427 F.2d 1031 (9th Cir.1970), which held that a timely assertion of a constitutional claim in the lower court is required before the error can be raised on appeal.

A trio of Supreme Court cases, *Marchetti v. United States*, 390 U.S. 39, 88 S.Ct. 697, 19 L.Ed.2d 889 (1968), *Grosso v. United States*, 390 U.S. 62, 88 S.Ct. 709, 19 L.Ed.2d 906 (1968) and *Haynes v. United States*, 390 U.S. 85, 88 S.Ct. 722, 19 L.Ed. 2d 923 (1968), all require that a constitutional privilege must be asserted in the trial court or it is waived. In *Marchetti*, the court said, "... [W]e *hold only* that those who properly assert the constitutional privilege as to these provisions may not be criminally punished for failure to comply with their requirements." 390 U.S. at 61, 88 S.Ct at 709. In *Haynes*, the court stated "... *we hold that a proper claim* of constitutional privilege against self-incrimination provides a full defense ..." 390 U.S. at 100, 88 S.Ct. at 732. [Emphasis added]. In each of the decisions just cited the appellant had *pleaded not guilty* and contested the strength of the prosecution's case. As just seen, a not guilty plea will not preserve a later challenge on appeal, when not first raised at trial, that the appellant's right against self-incrimination was violated.

The law is well-established, both in military and federal practice, that an accused who enters a guilty plea waives several constitutional rights including the privilege against self-incrimination. *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). Mil.R.Evid. 304 9(d)(5) states that an unconditional guilty plea *waives* all privileges against self-incrimination and all motions and objections under the rule with respect to that offense.

For the reasons stated we hold that the appellant's unconditional guilty plea and her failure to raise and preserve a constitutional claim against self-incrimination in the trial court bars her from asserting such claim for the first time on appeal. *See United States v. Joseph*, 11 M.J. 333 (C.M. A.1981). The findings of guilty and the sentence are again

AFFIRMED.

---

**3.** Of course, a plea of guilty will not bar appellate review when the claimed defect is jurisdictional. *United States v. Wheeler*, 27 C.M.R. 981 (A.F.B.R.1959); *aff'd*, 10 U.S.C.M.A. 646, 28 C.M. R. 212 (1959).

Senior Judges FORAY and SESSOMS and Judges HOLTE, MICHALSKI, LEWIS, BLOMMERS and MURDOCK concur.