**UNITED STATES**

v.

**Staff Sergeant Gamal A. HILTON, FR 374–64–3189, United States Air Force.**

**ACM S27401.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 14 Nov. 1986.

Decided 27 April 1988.

Appellate Counsel for the Appellant: Colonel Leo L. Sergi and Major Timothy J. Malloy.

Appellate Counsel for the United States: Colonel Joe R. Lamport and Lieutenant Colonel Robert E. Giovagnoni.

Before HODGSON, HOLTE, FORAY, MICHALSKI, LEWIS, SESSOMS, BLOMMERS and MURDOCK, Appellate Military Judges, En Banc.

DECISION UPON FURTHER REVIEW

HODGSON, Chief Judge:

This is another case involving the regulation [*] that controls the disposition of tax-exempt merchandise purchased by service members assigned to the Republic of the Philippines. The record was initially submitted to us as a "clemency petition" challenging the sufficiency of the evidence to support the conviction. We concluded that the appellant's guilt was established beyond a reasonable doubt and that the approved sentence was appropriate. *United States v. Hilton*, ACM S27401, 27 May 1987. The case was then presented to the Court of Military Appeals for consideration on its merits. Subsequently, the Court of Military Appeals granted on the specified issue of whether the regulation which the appellant disobeyed violated his rights under the Fifth Amendment and Article 31 10 U.S.C. § 831 of the Code. *United States v. Hilton*, 25 M.J. 206 (C.M.A.1987).

---

[*] See USCINCPACREPPHIL INSTRUCTION 4066.- 7Q, 16 August 1984.

The issue specified in *Hilton* was addressed at length in *United States v. Lee*, 25 M.J. 457 (C.M.A.1988). The *Lee* case involved a conviction for violating an Army merchandise control regulation promulgated by the Commander, United States Forces, Korea. The Army regulation in *Lee* and the directive under review here are similar in wording and identical in purpose. In *Lee*, the Court of Military Appeals reversed the accused's conviction for black-marketing holding that since the military police suspected him of that offense at the time he was requested to account for tax-exempt items he had purchased, they were required to warn him under Article 31 of the Code and advise him of his right to counsel. Their failure to do so tainted the statements which were the heart of the government's case against him. While the reversal of Lee's conviction was decided on the failure of law enforcement agents to give him the proper codal warnings, both Chief Judge Everett and Judge Cox wrote extensively on their opposing views on the constitutionality of the underlying regulation.

On 2 March 1988, the day the *Lee* opinion was released, the Court of Military Appeals remanded the appellant's case to us so that we might have the opportunity to review the application and constitutionality of the challenged regulation in light of their decision in *Lee*. *United States v. Hilton*, 26 M.J. 165 (C.M.A.1988).

As we stated in *United States v. Jones*, 26 M.J. 632 (A.F.C.M.R.1988), an appellate court's decision should be narrowly focused so as to dispose of the case then on appeal. We declined to address the constitutionality of the regulation involved in *Jones* as our resolution of the appeal did not require us to do so. The appeal before us today can also be resolved on a ground other than the constitutionality of the challenged regulation. *See State v. Crabtree*, 212 S.E.2d 103 (N.C.1975).

The record established that on 18 December 1985, the appellant applied for and received tax-exempt status to import a 1986 Mitsubishi Galant Super S Saloon automobile. The vehicle arrived in the Philippines on 30 January 1986, and was apparently picked up by "David N. Johnson" who had written authorization from the appellant to accept delivery. Law enforcement authorities suspected that the appellant had been fraudulently paid to obtain a Tax Exempt Certificate. Accordingly, on 7 March 1986, he was interviewed by agents of the Office of Special Investigations (OSI) and asked to produce the vehicle. When he was unable to do so, the interview was stopped, and the appellant was advised of his right to counsel and given the codal warnings required by Article 31. Subsequently, the appellant agreed to discuss the matter.

In his written statement the appellant indicated that on 15 October 1985, he met a Filipino national in a downtown bar who offered to help him buy a car and get it financed. About two months later, this same person called him and together they went to the dealer's office where he bought a 1986 Mitsubishi Galant and gave the seller a $300.00 down payment. Later he obtained the necessary documents exempting him from the import tax and gave them to his Filipino friend. He heard nothing more about the car.

Several days after his interview with the OSI, the appellant reported to the Security Police that the automobile he had earlier ordered had been stolen at the port. He denied giving "David N. Johnson" authority to take delivery of the car. During the trial the prosecution offered expert testimony that the appellant had, in fact, signed the letter of authorization to "David N. Johnson."

At trial the appellant did not challenge the constitutionality of the regulation under which he was tried or the admissibility of the pretrial statements he had given to the OSI. He contended that he had been swindled by the Filipino he had met in the bar, and he did not knowingly sign some of the documents that contained his signature, i.e., the letter authorizing a third person to take delivery of the car he had ordered.

■ In *United States v. Jones, supra,* we held that an unconditional guilty plea and a failure to raise a constitutional claim against self-incrimination in the trial court

bars the assertion of such a claim for the first time on appeal. While our decision in *Jones* was based on an unconditional guilty plea, we see no reason not to extend the rule to a contested trial where no constitutional issue was raised at trial. Indeed, there is substantial authority in the state courts holding that in order to preserve a constitutional question for appeal it must be raised at the first available opportunity. *Smith v. Commonwealth,* 353 S.E.2d 159 (Va.App.1987); *Blackwelder v. State,* 347 S.E.2d 600 (Ga.1986); *People v. Bryant,* 190 Cal.App.3d 1569, 236 Cal.Rptr. 96 (1987); *State v. Johnson,* 729 P.2d 1169 (Kan.1986); *State v. Redfern,* 741 P.2d 1339 (Mont.1987); *Coleman v. State,* 735 S.W.2d 475 (Tex.App.1987); *State v. Worsham,* 732 S.W.2d 209 (Mo.App.1987); *State v. Moore,* 411 N.W.2d 345 (Neb.1987); *Commonwealth v. Helfant,* 496 N.E.2d 433 (Mass.1986); *State v. Tutalo,* 205 A.2d 137 (R.I.1964). Such a requirement allows the trial court to assess the validity of the constitutional claim. *United States v. Jones, supra.* Since the appellant made no constitutional challenge at trial, we need not address the issue.

In *United States v. Lee, supra,* the accused's conviction for blackmarketing was overturned because the questioning that resulted in admissions which formed the crux of the government's were obtained in violation of his Article 31 rights. That is not the situation here where the appellant was properly warned of his codal rights prior to being questioned about his suspected blackmarketing activities. We acknowledge that initially asking the appellant to produce the vehicle he had ordered was a non-verbal statement, *see United States v. Wiggins,* 13 M.J. 811 (A.F. C.M.R.1982), but there was no objection at trial to the admission of the appellant's acknowledgment that he did not have the automobile. This waived appellate review of this issue. *See* Mil.R.Evid. 103(a) and 304(d)(2)(A). The lack of objection comports with the defense theory that the ap-

pellant was the victim of a scam and innocent of any wrongdoing.

Under the facts presented the appellant's rights against self-incrimination were not violated and his failure to raise and preserve a constitutional claim against self-incrimination in the trial court bars him from asserting such a claim for the first time on appeal. The findings of guilty and sentence are again

AFFIRMED.

Senior Judges FORAY and SESSOMS and Judges HOLTE, MICHALSKI, BLOMMERS and MURDOCK concur.

Judge LEWIS (concurring):

While I agree that it is unnecessary that we address the Constitutional issue in this case, it is probably inevitable that we will do so eventually. In this regard I believe it is noteworthy that we have often referred to the type of regulatory provision that we will be called upon to examine as imposing a "show and tell" requirement. The "tell" portion, if it exists, obviously has a Fifth Amendment/Article 31, U.C.M.J., ring to it. Herein, the applicable provision of the directive proscribes the "[f]ailure to show possession or authorized disposition of tax-exempt motor vehicles when so directed by cognizant authorities." USCINCPACREP-PHILINST 4066.7Q, *General Merchandise Control Regulations in the Republic of the Phillipines,* para. 3h, Encl. 6 (16 August 1984). Might this provision, on its face, more aptly be described as imposing a "show or show" requirement? While this is probably not a particularly catchy description, it may be more accurate in terms of its legal implications than the one we have historically used.