UNITED STATES, Appellee,

v.

David M. WYNN, Captain, U.S. Air Force, Appellant.

No. 57,559.

ACM 25255.

U.S. Court of Military Appeals.

Sept. 19, 1988.

---

For Appellant: *Lance F. Jacobs, Esq., Colonel Leo L. Sergi,* and *Major Deborah A. Baker.*

For Appellee: *Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni, Major Carole W. Hanson.*

*Opinion of the Court*

PER CURIAM:

We granted review in this case on an issue which questioned whether the post-trial advice submitted to the convening authority had advised him improperly as to the matters which he could consider. 25 M.J. 250 (1987). Thereafter, we set aside the decision of the United States Air Force Court of Military Review (23 M.J. 726 (1986)) and returned the record "to the Judge Advocate General of the Air Force for resubmission to another convening authority for a new staff judge advocate's recommendation and convening authority's action." Our order directed that, "[u]pon completion of this action, Article 66, Uniform Code of Military Justice, 10 USC § 866, will apply." We did not direct return of the record of trial to this Court. 26 M.J. 232 (1988).

Subsequently, appellant's counsel filed a motion with this Court for it to retain jurisdiction in order to preserve appellant's right to petition the Supreme Court of the United States for a writ of certiorari. We denied this motion, and counsel now seeks reconsideration of that denial.

We recognize that it is unclear whether an accused is entitled to petition for a writ of certiorari from the Supreme Court to this Court if, initially, we have granted a petition for review for good cause but later have remanded the case to the convening

authority or to the Court of Military Review for corrective action without directing return of the record to us. Art. 67(h), UCMJ, 10 U.S.C. § 867(h); 28 U.S.C. § 1259.[1] Because of this uncertainty, we frequently have directed return of the record of trial to this Court for the sole purpose of assuring that appellant would be eligible to seek a writ of certiorari. In our view this procedure has implemented the intent of Congress when it authorized Supreme Court review of cases in which we had granted the petition for review. *See* 129 Cong.Rec. S16837 (daily ed. November 18, 1983) (statement of Sen. Kennedy).

We are now convinced, however, that the same ultimate result can be accomplished in a way that will be less awkward and time-consuming. Henceforth, we shall require an appellant to file a second petition for grant of review if, after corrective action below, he wishes to seek further review here or to preserve his opportunity for seeking review of his case by the Supreme Court. If an appellant who submits such a petition calls to our attention that an earlier petition was granted in his case and asserts that the corrective action was inadequate and that he wishes to seek review from the Supreme Court, we shall treat the prior grant as good cause to grant review of the subsequent petition. With this in mind, we deny Wynn's petition for reconsideration.[2]

1. This question ultimately must be resolved either by the Supreme Court of the United States or by legislative clarification.

2. The Court's Rules Committee currently is considering a revision of our Rules of Practice and Procedure to deal with this problem.