UNITED STATES, Appellee,

v.

Gamal A. HILTON, Staff Sergeant, U.S. Air Force, Appellant.

No. 58,247.

ACM S27401.

U.S. Court of Military Appeals.

Jan. 9, 1989.

For Appellant: *Major Frank J. Spinner* (argued); *Colonel Leo L. Sergi* (on brief); *Lieutenant Colonel Richard F. O'Hair* and *Major Timothy J. Malloy.*

For Appellee: *Major Terry M. Petrie* (argued); *Colonel Joe R. Lamport, Lieutenant Colonel Robert E. Giovagnoni, Captain Marc Van Nuys* (on brief).

*Opinion of the Court*

SULLIVAN, Judge:

During November 1986, appellant was tried by a special court-martial composed of members at Clark Air Base, Republic of the Philippines. Contrary to his pleas, he was found guilty of violating a lawful general regulation [1] in contravention of Article 92, Uniform Code of Military Justice, 10 USC § 892. He was sentenced to a bad-conduct discharge, confinement for 2

---

1. 3. *Tax Exempt Motor Vehicles.* The following acts and practices relating to the acquisition, possession, and disposition of motor vehicle[s] are *prohibited:*

\* \* \* \* \* \*

h. Failure to show possession or authorized disposition of tax-exempt motor vehicles when so directed by cognizant authorities. USCINCPACREPPHILINST 4066.7Q, Enclosure (6) (August 16, 1984). It is noted that the regulation has been repromulgated as USCINCPACREPPHILINST 4066.7R, dated April 4, 1986.

months, and reduction to E–2. The convening authority approved that sentence on February 17, 1987. The Court of Military Review affirmed on May 27, 1987. This Court granted review of appellant's case on September 2, 1987, and remanded it to the Court of Military Review on March 2, 1988, for further consideration in light of our decision in *United States v. Lee*, 25 MJ 457 (CMA 1988). The Court of Military Review again affirmed on April 27, 1988 (26 MJ 635) and returned the record, as directed, to this Court on May 4, 1988.

Appellant was particularly charged and found guilty of the following specification, which alleged that he

did, at Clark Air Base, Republic of the Philippines, on or about 7 March 1986, violate a lawful general regulation, to wit: paragraph 3h, enclosure (6), US-CINCPACREPPHILINST 4066.7Q, dated 16 August 1984, by failing to show possession or authorized disposition of a tax-exempt motor vehicle, when so directed by cognizant authorities, to wit: a 1986 Mitsubishi Galant Super S Salon.

We initially granted review of the following specified issue:

WHETHER THE REGULATION WHICH THE ACCUSED DISOBEYED VIOLATED HIS RIGHTS UNDER THE 5TH AMENDMENT AND ARTICLE 31, UCMJ.

We then remanded this case to the Court of Military Review as follows:

On consideration of the granted issue (25 M.J. 206), we find that the Court of Military Review should have the opportunity to review this case in light of *United States v. Lee*, 25 M.J. 457 (C.M.A.1988). We further believe it would be most appropriate for that court, preferably en banc, to decide other issues concerning the interpretation, application, and constitutionality of the service regulation involved. *See generally United States v. Jette*, 25 M.J. 16, 19 (Everett, C.J., concurring) (C.M.A.1987).

The Court of Military Review responded in this way:

As we stated in *United States v. Jones*, 26 M.J. 632 (A.F.C.M.R.1988), an appellate court's decision should be narrowly focused so as to dispose of the case then on appeal. We declined to address the constitutionality of the regulation involved in *Jones* as our resolution of the appeal did not require us to do so. The appeal before us today can also be resolved on a ground other than the constitutionality of the challenged regulation. *See State v. Crabtree*, 286 N.C. 541, 212 S.E. 2d 103 (1975).

The record established that on 18 December 1985, the appellant applied for and received tax-exempt status to import a 1986 Mitsubishi Galant Super S Saloon [sic] automobile. The vehicle arrived in the Philippines on 30 January 1986, and was apparently picked up by "David N. Johnson" who had written authorization from the appellant to accept delivery. *Law enforcement authorities suspected that the appellant had been fraudulently paid to obtain a Tax Exempt Certificate. Accordingly, on 7 March 1986, he was interviewed by agents of the Office of Special Investigations (OSI) and asked to produce the vehicle.* When he was unable to do so, the interview was stopped, and the appellant was advised of his right to counsel and given the codal warnings required by Article 31. Subsequently, the appellant agreed to discuss the matter.

In his written statement the appellant indicated that on 15 October 1985, he met a Filipino national in a downtown bar who offered to help him buy a car and get it financed. About two months later, this same person called him and together they went to the dealer's office where he bought a 1986 Mitsubishi Galant and gave the seller a $300.00 down payment. Later he obtained the necessary documents exempting him from the import tax and gave them to his Filipino friend. He heard nothing more about the car.

Several days after his interview with the OSI, the appellant reported to the Security Police that the automobile he had earlier ordered had been stolen at

the port. He denied giving "David N. Johnson" authority to take delivery of the car. During the trial the prosecution offered expert testimony that the appellant had, in fact, signed the letter of authorization to "David N. Johnson."

At trial the appellant did not challenge the constitutionality of the regulation under which he was tried or the admissibility of the pretrial statements he had given to the OSI. He contended that he had been swindled by the Filipino he had met in the bar, and he did not knowingly sign some of the documents that contained his signature, i.e., the letter authorizing a third person to take delivery of the car he had ordered.

In *United States v. Jones, supra,* we held that an unconditional guilty plea and a failure to raise a constitutional claim against self-incrimination in the trial court bars the assertion of such a claim for the first time on appeal. While our decision in Jones was based on an unconditional guilty plea, we see no reason not to extend the rule to a contested trial where no constitutional issue was raised at trial. Indeed, there is substantial authority in the state courts holding that in order to preserve a constitutional question for appeal it must be raised at the first available opportunity. *Smith v. Commonwealth,* 3 Va.App. 650, 353 S.E.2d 159 (1987); *Blackwelder v. State,* 250 Ga. 283, 347 S.E.2d 600 (1986); *People v. Bryant,* 190 Cal.App.3d 1569, 236 Cal.Rptr. 96 (1987); *State v. Johnson,* 240 Kan. 326, 729 P.2d 1169 (1986); *State v. Redfern,* 741 P.2d 1339 (Mont.1987); *Coleman v. State,* 735 S.W.2d 475 (Tex. App.1987); *State v. Worsham,* 732 S.W.2d 209 (Mo.App.1987); *State v. Moore,* 226 Neb. 347, 411 N.W.2d 345 (1987); *Commonwealth v. Helfant,* 398 Mass. 214, 496 N.E.2d 433 (1986); *State v. Tutalo,* 99 R.I. 14, 205 A.2d 137 (1964). Such a requirement allows the trial court to assess the validity of the constitutional claim. *United States v. Jones, supra.* Since the appellant made no constitutional challenge at trial, we need not address the issue.

In *United States v. Lee, supra,* the accused's conviction for blackmarketing was overturned because the questioning that resulted in admissions which formed the crux of the government's [sic] were obtained in violation of his Article 31 rights. That is not the situation here where the appellant was properly warned of his codal rights prior to being questioned about his suspected blackmarketing activities. We acknowledge that initially asking the appellant to produce the vehicle he had ordered was a nonverbal statement, *see United States v. Wiggins,* 13 M.J. 811 (A.F.C.M.R.1982), but there was no objection at trial to the admission of the appellant's acknowledgement that he did not have the automobile. This waived appellate review of this issue. *See* Mil.R.Evid. 103(a) and 304(d)(2)(A). The lack of objection comports with the defense theory that the appellant was the victim of a scam and innocent of any wrongdoing.

Under the facts presented the appellant's rights against self-incrimination were not violated and his failure to raise and preserve a constitutional claim against self-incrimination in the trial court bars him from asserting such a claim for the first time on appeal.... 26 MJ at 636–37 (emphasis added).

----------

■ The first matter we will address is whether the court below complied with our previous order in this case, which is quoted earlier in this opinion. *See United States v. Jones,* 23 MJ 301 (CMA 1987); *United States v. Suzuki,* 20 MJ 248 (CMA 1985). We note that on remand the court decided the granted issue on the basis of waiver and eschewed comment on the constitutional and statutory questions. Review of the majority opinion in *Lee* reveals waiver was an expressed concern, although not a determinative factor in that case. 25 MJ at 459. Accordingly, we find no deliberate disobedience of our order by the court below.

■ We do, however, disagree with its holding that appellant's failure to raise the

constitutional and statutory questions at trial precludes their consideration by appellate authorities. Appellant pleaded not guilty in this case and the objections now raised challenge, *inter alia*, the very power of the Government to hale him before a court-martial on this charge. *See generally Blackledge v. Perry*, 417 U.S. 21, 30–31, 94 S.Ct. 2098, 2103–2104, 40 L.Ed.2d 628 (1974); *Ex Parte Siebold*, 100 U.S. 371, 376–77, 25 L.Ed. 717 (1880). Clearly, the waiver rationale of *Menna v. New York*, 423 U.S. 61, 62 n. 2, 96 S.Ct. 241, 242 n. 2, 46 L.Ed.2d 195 (1975), is not applicable in this context. *See Sodders v. Parratt*, 693 F.2d 811, 812 (8th Cir.1982); *Country v. Parratt*, 684 F.2d 588, 589 n. 1 (8th Cir.), *cert. denied*, 459 U.S. 1043, 103 S.Ct. 461, 74 L.Ed.2d 612 (1982); *Journigan v. Duffy*, 552 F.2d 283, 288–89 (9th Cir.1977). *See also United States v. Gaertner*, 583 F.2d 308, 310–11 (7th Cir.1978), *cert. denied*, 440 U.S. 918, 99 S.Ct. 1238, 59 L.Ed.2d 469 (1979). Admittedly, as demonstrated by the state cases cited by the court below, the mere failure to object even on constitutional grounds might foreclose appellate review of those claims in some cases. *See United States v. Coleman*, 707 F.2d 374, 376 (9th Cir.), *cert. denied*, 464 U.S. 854, 104 S.Ct. 171, 78 L.Ed.2d 154 (1983); *United States v. Huckaby*, 698 F.2d 915, 920 (8th Cir. 1982), *cert. denied*, 460 U.S. 1070, 103 S.Ct. 1526, 75 L.Ed.2d 948 (1983); *Talmanson v. United States*, 386 F.2d 811, 812 (1st Cir.1967), *cert. denied*, 391 U.S. 907, 88 S.Ct. 1658, 20 L.Ed.2d 421 (1968); *United States v. Hoskins*, 406 F.2d 72, 74–75 (7th Cir.1969), *cert. denied*, 402 U.S. 943, 91 S.Ct. 1603, 29 L.Ed.2d 110 (1971). Nevertheless, this practice need not be followed where apposite precedent

from appellate courts militates against the lodging of an appropriate objection (*Grosso v. United States*, 390 U.S. 62, 70–72, 88 S.Ct. 709, 714–715, 19 L.Ed.2d 906 (1968); *United States v. Williams*, 427 F.2d 1031, 1033–34 (9th Cir.), *cert. denied*, 400 U.S. 909, 91 S.Ct. 154, 27 L.Ed.2d 149 (1970)) or when this Court deems review necessary on its own motion. *See United States v. Tobias*, 662 F.2d 381, 388 (5th Cir.1981), *cert. denied*, 457 U.S. 1108, 102 S.Ct. 2908, 73 L.Ed.2d 1317 (1982). *See generally United States v. Fisher*, 21 MJ 327 (CMA 1986).

In light of the pre-*Lee* decisions of the Courts of Military Review,[2] our remand of numerous other cases on these same questions, and the finding of fact by the Court of Military Review that appellant was a suspect,[3] a further remand to the Court of Military Review is appropriate.

The decision of the United States Air Force Court of Military Review is set aside. The record of trial is returned to the Judge Advocate General of the Air Force for remand to that court for further review[4] of the issue set forth in our remand order of March 2, 1988. (26 MJ 165)

Chief Judge EVERETT concurs.

COX, Judge (dissenting):

I need not reach the question of waiver in this case. First, I believe the regulation to be lawful. *United States v. Lee*, 25 MJ 457, 465 (CMA 1988) (Cox, J., concurring in part and dissenting in part). Second, I believe it was lawfully applied to appellant.

Accordingly, I would affirm the decision of the Court of Military Review.

---

2. *United States v. Battle*, 20 MJ 827 (ACMR), *pet. denied*, 21 MJ 317 (CMA 1985); *United States v. Lindsay*, 11 MJ 550 (ACMR 1981); *United States v. MacDonald*, 14 MJ 615 (AFCMR 1982); *United States v. French*, 14 MJ 510 (AFCMR 1982).

3. This factor was critical in *United States v. Lee*, 25 MJ 457, 460–61 (CMA 1988), and did not exist

in *United States v. Lavine*, 13 MJ 150 (CMA 1982).

4. *See United States v. Wynn*, 26 MJ 405 (CMA 1988).