UNITED STATES

v.

**Airman First Class Raphael A. LAVINE,
FR 074–44–5115, United States
Air Force.**

ACM 22634.

U. S. Air Force Court of Military Review.

Sentence Adjudged 15 Nov. 1979.

Decided 22 Oct. 1980.

Appellate Counsel for the Accused: Colonel Larry G. Stephens and Captain Douglas H. Kohrt.

Appellate Counsel for the United States: Colonel James P. Porter and Major Robert T. Mounts.

Before EARLY, ARROWOOD and KASTL, Appellate Military Judges.

## DECISION

ARROWOOD, Senior Judge:

Having been tried for larceny and a violation of a general regulation by importing a tax-exempt car into the Philippines for a purpose other than to meet his reasonable anticipated needs, violations of Articles 121 and 92, Uniform Code of Military Justice, the accused was found guilty only as to violating the general regulation.

Appellate defense counsel assert that the facts do not support the findings of guilty. We disagree.

The evidence clearly shows that in April 1979, the accused imported a $12,000.00 car into the Philippines. It further reveals that as a result of the steps taken by him as a member of the United States Armed Forces, the car was brought in tax-exempt. Information relating to the accused's importing the tax-exempt car was properly filed in his records at the base Merchandise Control Activity, the organization required to insure the compliance of Air Force personnel with regulations relating to the importation of tax-exempt items into the Philippines. This filing would require the accused to account for the car upon his reassignment.

Upon his reassignment in June 1979, two months after the car was imported, the accused, while clearing the Merchandise Control Activity, was asked about the car. Accused then asked if there was any paperwork in his records that states that he had this car. When told that there was such paperwork in his records, he said, "I don't have the car anymore."

Based on all these facts, particularly the accused's failure to properly account for the car and the short period of time remaining on his assignment when the car was imported, and the inferences that can properly be drawn therefrom, we are satisfied beyond a reasonable doubt that the accused imported the car in violation of the regulation.*

In the second assignment of error, accused asserts that the statement he made when asked about the car at the Merchandise Control Activity was improperly admitted into evidence since his rights under Article 31, Code, *supra*, were not read and explained to him before he was questioned about the car. Again we disagree.

We find that even though the questioner knew the car was imported through a commercial carrier near the end of the accused's assignment, the accused did not become a suspect until after he stated he no longer had the car. *United States v. Trotter*, 9 M.J. 584 (A.F.C.M.R.1980), pet. denied, 9 M.J. 244 (C.M.A.1980) and *United States v. Hardy*, 3 M.J. 713 (A.F.C.M.R. 1977), pet. denied, 3 M.J. 470 (C.M.A.1977).

The third assignment of error is without merit. While we see no need for discussion of the offense of which the accused was found not guilty in the review of the staff judge advocate, it is not error. The review also clearly indicated the findings of not guilty and cautioned the convening authority that the offense should not be considered in his decision. Further, failure of the trial defense counsel to object to the inclosure of the evidence in his response to the review in accordance with *United States v. Goode*, 1 M.J. 3 (C.M.A.1975), would waive the alleged defect.

We note that the trial judge, while attempting to explain that the intent re-

---

* The appellate defense counsel also claim that the government must prove the accused did not *dispose* of the car to a proper tax-exempt individual as that is an "exception" noted under the regulation, citing *United States v. Verdi*, 5 M.J. 330 (C.M.A.1978). While evidence as to how he disposed of the car may be probative as to his intentions when the car was imported, such disposition of the vehicle is irrelevant if it was brought into the Philippines for a purpose other than to meet reasonable anticipated needs of the owner.

quired for the offense must be held by the accused at the time the car was imported, improperly shifted the burden of proof by stating: "if you find that at the time the accused imported this vehicle into Manila, that it was his intent to use it to meet his reasonably anticipated needs, you cannot find him guilty of this charge." But he also instructed them that in order to find the accused guilty, that they must find "the accused violated a regulation by importing a tax-exempt motor vehicle, that is a passenger car into the Philippines for purpose other than to meet his reasonably anticipated needs." He further told the court that "the burden is always on the government to prove the accused guilty beyond a reasonable doubt. And that burden never shifts throughout the trial."

We also note that counsel for both sides addressed the issue of intent in their argument to the fact finders. Each told the court that the government must show that the car was imported for some purpose *other than* to meet reasonable anticipated needs. Clearly there was no misunderstanding on counsel's part as to the burden of proof and neither found fault with the instructions or objected to them at trial.

When the sentence in question is read alone it appears that the court would have to find the accused had the intent to use the car to meet his reasonably anticipated needs in order to find him not guilty. However, in light of the instructions as a whole and the clear understanding of counsel vividly reflected in their arguments to the fact finders about the government's burden of proof, we do not believe the trial judge's unnecessary instructions misled the court members or caused them to shift the burden of persuasion from the government. Therefore, we find no prejudice to the accused. *United States v. Miller*, 6 U.S.C. M.A. 495, 20 C.M.R. 211 (1955).

The findings of guilty and the sentence are

AFFIRMED.

EARLY, Chief Judge, and KASTL, Judge, concur.