UNITED STATES, Appellee,

v.

Gamal A. HILTON, Staff Sergeant, U.S. Air Force, Appellant.

No. 58,247.
ACM S27401.

U.S. Court of Military Appeals.

Argued Jan. 8, 1991.

Decided June 21, 1991.

For Appellant: *Captain Paul M. Dankovich* (argued); *Lieutenant Colonel Jeffrey R. Owens* and *Major George P. Clark* (on brief); *Colonel Richard F. O'Hair.*

For Appellee: *Captain Morris D. Davis* (argued); *Major Brenda J. Hollis* and *Captain David G. Nix* (on brief); *Colonel Robert E. Giovagnoni* and *Major Paul H. Blackwell, Jr.*

## Opinion of the Court

SULLIVAN, Chief Judge:

On November 13 and 14, 1986, appellant was tried by a special court-martial including enlisted members at Clark Air Base, Republic of the Philippines. Contrary to his pleas, he was found guilty of a single specification of violating a lawful general regulation (para. 3h, enclosure (6), US-CINCPACREPPHILINST 4066.7Q (August 16, 1984)), in contravention of Article 92, Uniform Code of Military Justice, 10 USC § 892. He was sentenced to a bad-conduct discharge, confinement for 2 months, and reduction to Airman (E–2). The convening authority approved this sentence on February 17, 1987. The Court of Military Review affirmed the findings of guilty and this sentence in a short-form opinion on May 27, 1987.

This Court granted appellant's petition for review on September 2, 1987. We then remanded this case to the Court of Military Review on March 2, 1988, for consideration in light of the then recently issued decision of this Court in *United States v. Lee*, 25 MJ 457 (CMA 1988). On April 27, 1988, the Court of Military Review, sitting en banc, again affirmed (26 MJ 635) and returned the record, as directed, to this Court on May 4, 1988. We disagreed with the Court of Military Review's waiver analysis, and on January 9, 1989, we again remanded the record to that court for further review. 27 MJ 323. For a third time that court, sitting en banc, affirmed the findings of guilty and the sentence on January 24, 1990. 29 MJ 1036, 1050. This Court initially affirmed that decision in a summary disposition dated March 2, 1990. 30 MJ 118. Appellant filed a petition for reconsideration with this Court on May 18, 1990, which we granted on June 14, 1990. Two issues were later specified for review by this Court on October 19, 1990, and oral argument was held on January 8, 1991.

Appellant initially sought reconsideration of our summary affirmance order in his case on the basis of the Supreme Court's decision in *Baltimore City Department of Social Services v. Bouknight*, 493 U.S. 549, 110 S.Ct. 900, 107 L.Ed. 2d 992 (1990). As noted above, we subsequently specified two related issues. They were:

### ISSUE I

WHETHER THE AIR FORCE COURT OF MILITARY REVIEW WAS CORRECT WHEN IT DEPARTED FROM ITS ORIGINAL FINDING THAT APPELLANT WAS A SUSPECT WHEN HE WAS ASKED TO ACCOUNT FOR A MOTOR VEHICLE UNDER USCINCPACREPPHILINST 4066.7Q.

### ISSUE II

WHETHER, ASSUMING THAT THE COURT OF MILITARY REVIEW COULD REVERSE ITS EARLIER FINDING, IT ERRED WHEN IT CONCLUDED THAT ON THE RECORD BEFORE IT, THAT APPELLANT WAS NOT A SUSPECT WHEN HE WAS REQUIRED TO ACCOUNT FOR HIS VEHICLE.

We hold that the Court of Military Review erred in affirming appellant's conviction under Article 92 and that the findings of guilty and the sentence must be set aside. Art. 31, UCMJ, 10 USC § 831. In view of the unusual time consumed in these proceedings and the improbability of a successful rehearing, we further order the Charge and specification against appellant dismissed.

The facts in this case are fully detailed in the opinions below. Basically, appellant was found guilty of violating Article 92, which states in pertinent part:

Failure to obey order or regulation

Any person subject to this chapter who—

(1) violates or fails to obey any *lawful* general order or *regulation;*

\* \* \* \* \* \*

shall be punished as a court-martial may direct.

(Emphasis added.) The particular specification of which he was found guilty states:

SPECIFICATION: In that [appellant], did, at Clark Air Base, Republic of the Philippines, on or about 7 March 1986, violate a lawful general regulation, to wit: paragraph 3h, enclosure (6), US-CINCPACREPPHILINST 4066.7Q, dated 16 August 1984, by failing to show possession or authorized disposition of a tax-exempt motor vehicle, when so directed by cognizant authorities, to wit: a 1986 Mitsubishi Galant Super S Salon.

Paragraph 3h, enclosure (6), USCINC-PACREPPHILINST 4066.7Q (16 Aug.1984) provides:

> 3. *Tax–Exempt Motor Vehicles.* The following acts and practices relating to the acquisition, possession, and disposition of motor vehicle[s] are prohibited:
>
> \* \* \* \* \* \*
>
> h. Failure to show possession or authorized disposition of tax-exempt motor vehicles when so directed by cognizant authorities.

This regulation required that a servicemember *show* his possession of the tax-exempt vehicle or *show* authorized disposition of that vehicle, but only on the discretionary order of certain military authorities, *i.e.*, military police. The unspecificity of the regulation further suggests that a servicemember could have satisfied it by:

(1) producing the car;

(2) producing some official form showing a lawful transfer of the car;

(3) producing a written record showing a lawful transfer of the car; or

(4) producing an oral account or report of his lawful disposition of the car.

Appellant testified that he was innocently duped into signing tax-exempt papers and never received the Mitsubishi Salon. Thus, his defense was that it was impossible for him to comply with the above regulation in such circumstances.

Our initial concern with the so-called "show and tell" regulations is that military police authorities were departing from the limited scope of inquiry permitted by these regulations to extract confessions of black marketing from servicemembers. *United States v. Jones*, 31 MJ 189, 193 (CMA 1990); *United States v. Lee*, 25 MJ at 459. Such broad and unrestrained questioning concerning *unauthorized* dispositions of controlled items was simply not permitted under the language of the regulations before us. *See United States v. Williams*, 29 MJ 112, 115 (CMA 1989). Therefore, the failure of a servicemember to respond in these circumstances can not properly be considered a regulatory violation in the sense intended by Article 92. *See United States v. Moultak*, 24 MJ 316 (CMA 1987).

In the alternative, if the regulations were broadly construed to permit questions concerning *unauthorized* dispositions, serious Fifth Amendment self-incrimination problems were raised. *United States v. Lee*, *supra* at 461. *See Bionic Auto Parts and Sales, Inc. v. Fahner*, 721 F.2d 1072, 1081–82 (7th Cir.1983). This is particularly true where the regulations were also artfully constructed so as to permit military police in their discretion to focus these unrestricted administrative inquiries on criminal suspects. *See United States v. Jones, supra* at 193 nn. 4 and 5. Despite protestations of the Court of Military Review to the contrary, a majority of this Court has repeatedly held that a regulatory scheme so prone to abuse did not fit within the more neutral and controlled required-records or required-reports exceptions to the Fifth Amendment.[1] See *Bionic Auto Parts and Sales, Inc. v. Fahner, supra* at 1082. *Cf. United States v. Lehman*, 887 F.2d 1328, 1333–34 (7th Cir.1989); *Grand Jury Subpoena Duces Tecum Served Upon Randall Underhill*, 781 F.2d 64 (6th Cir.), *cert. denied*, 479 U.S. 813, 107 S.Ct. 64, 93

---

**1.** Some state courts have attempted to defuse Fifth Amendment problems by prohibiting use of the responses to these questions in criminal proceedings. *See Harris v. State Department of Revenue*, 563 So.2d 97, 99 n.1 (Fla.App. 1 Dist. 1990); *State v. Smyth*, 121 R.I. 188, 397 A.2d 497, 500 (1979). *See generally Baltimore City Department of Social Services v. Bouknight*, 493 U.S. 549, 110 S.Ct. 900, 908–09, 107 L.Ed.2d 992 (1990).

L.Ed.2d 23 (1986). *See generally* 8 Wigmore, *Evidence* § 2259d (McNaughton rev. 1961). *See also Baltimore City Dept. of Social Serv. v. Bouknight, supra* 110 S.Ct. at 908–09.

■ Of course, our discontent in these cases did not simply stem from the unauthorized extension of these regulatory schemes or their unconstitutional application. In addition, as pointed out in *United States v. Jones, supra* at 192–93, this Court has also not recognized either of the above-noted exceptions to the Fifth Amendment as applicable to Article 31. This statute expressly grants special protection to a servicemember *suspected of a crime* against official inquiries about the crimes of which he is suspected.[2] Absent a proper advisement of rights and waiver, the conviction of a suspect servicemember for violating a general regulation authorizing even impliedly incriminating questions cannot lawfully be sustained. *See United States v. Jones* and *United States v. Lee*, both *supra*. *Cf. United States v. Williams, supra.*

■ The Court of Military Review's decision in appellant's case interjects a new degree of subtlety into this already treacherous area of the law. After holding appellant was a suspect in an earlier opinion, it changed or clarified its holding to the extent that it now considers appellant only a general suspect. It then concluded that a general suspect is not entitled to protection under Article 31 and, thus, appellant's conviction could be sustained on the basis of this Court's decision in *United States v. Williams, supra.* We disagree as a matter

of law with this conclusion. Art. 67(c), UCMJ, 10 USC § 867(c) (1989).

In two recent cases this Court reiterated the meaning of the word "suspect" for purposes of Article 31. Neither case purports to draw any distinction between a general suspect and an individual suspect, the line of demarcation espoused by the court below. Instead, this Court defined a suspect for purposes of Article 31 as a servicemember whom the military questioner believes or reasonably should believe committed an offense under the Code. *United States v. Good*, 32 MJ 105 (CMA 1991); *United States v. Schake*, 30 MJ 314 (CMA 1990).

■ In the present case the Court of Military Review's clarification does not detract from its finding that the military questioners in this case actually believed appellant was a suspect prior to the challenged questioning. *Cf. United States v. Lavine*, 13 MJ 150, 152 (CMA 1982). Such a subjective belief is sufficient for purposes of Article 31, regardless of its basis. *See United States v. Schake, supra* at 319–20. Accordingly, absent proper warnings and a valid waiver, appellant's silence or failure to respond could not be evidenced at his court-martial (*see Wainwright v. Greenfield*, 474 U.S. 284, 106 S.Ct. 634, 88 L.Ed.2d 623 (1986)), and his conviction for a violation of a lawful order for failing to respond in these circumstances cannot be otherwise sustained. *United States v. Jones* and *United States v. Lee*, both *supra*.

The decision of the United States Air Force Court of Military Review is reversed.

---

**2.** § 831. Art. 31. Compulsory self-incrimination prohibited

   (a) No person subject to this chapter may compel any person to incriminate himself or to answer any question the answer to which may tend to incriminate him.

   (b) No person subject to this chapter may interrogate, or request any statement from, an accused or a *person suspected of an offense* without first informing him of the nature of the accusation and advising him that he does not have to make any statement regarding the offense of which he is accused or suspected and

that any statement made by him may be used as evidence against him in a trial by court-martial.

   (c) No person subject to this chapter may compel any person to make a statement or produce evidence before any military tribunal if the statement or evidence is not material to the issue and may tend to degrade him.

   (d) No statement obtained from any person in violation of this article, or through the use of coercion, unlawful influence, or unlawful inducement may be received in evidence against him in a trial by court-martial. (Emphasis added.)

The findings of guilty and the sentence are set aside. In the interests of justice, the Charge and specification are dismissed.

Senior Judge EVERETT concurs.

COX, Judge (dissenting):

I must respectfully dissent. *See* my separate opinions in *United States v. Jones*, 31 MJ 189, 194 (CMA 1990), and *United States v. Lee*, 25 MJ 457, 465 (CMA 1988).