UNITED STATES, Appellee,

v.

Miguel S.R. GREGORIO, Staff Sergeant, U.S. Air Force, Appellant.

No. 60,196.

ACM S27615.

U.S. Court of Military Appeals.

Submitted April 3, 1990.

Decided June 21, 1991.

For Appellant: *Colonel Richard F. O'Hair and Major Mark R. Bell.*

For Appellee: *Major Kathryn I. Taylor.*

*Opinion of the Court*

SULLIVAN, Chief Judge:

On July 29–30, 1987, appellant was tried by a special court-martial composed of a military judge alone at Clark Air Base, Republic of the Philippines. Consistent with his pleas, appellant was found guilty of violating paragraph 2r, Enclosure 6, US-CINCPACREPPHILINST 4066 7R (April 4, 1986),[1] in contravention of Article 92, Uni-

---

1. 1. *Definitions.* The terms "tax-exempt property" and "tax-exempt motor vehicles," as used herein, refer to personal property or motor vehicles in the RP [Republic of the Philippines] upon which no RP import, excise, consumption, or other tax, duty, or import has been paid by reason of the exemption granted pursuant to reference (a). A "nontax-exempt person" is a person or other entity not entitled to a tax exemption under reference (a). All prohibitions relating to motor vehicles are equally applicable to the major components of motor vehicles, i.e., engine, transmission, drive train, and chassis.

2. *Tax–Exempt Personal Property.* The following acts and practices relating to the acquisition, possession, and disposition of tax-exempt personal property are *prohibited* and violations may result in disciplinary and/or adverse administrative actions:

\* \* \* \* \* \*

r. Failure to show possession or authorized disposition of *tax-exempt* personal property when so directed by cognizant authorities. (Emphasis added in r.)

form Code of Military Justice, 10 USC § 892. Also consistent with his pleas, he was found guilty of signing a false document, in violation of Article 107, UCMJ, 10 USC § 907. He was sentenced to a bad-conduct discharge, 5 days' confinement, and reduction to E–3. On September 1, 1987, the convening authority approved the sentence. The Court of Military Review affirmed in a short-form opinion on December 4, 1987.

■ Appellant initially petitioned this Court for review on May 2, 1988. On August 12, 1988, we set aside the decision of the Court of Military Review and remanded this case to that court for further consideration in light of *United States v. Lee*, 25 MJ 457 (CMA 1988). 27 MJ 180. On September 15, 1988, the Court of Military Review in an unpublished decision affirmed on a waiver theory. On January 27, 1989, we rejected this waiver theory and again remanded the record for reconsideration by the Court of Military Review. 28 MJ 102. On March 16, 1990, that court again affirmed and returned the record to this Court. 1990 WL 38210.[2]

The Court of Military Review stated the following concerning the regulatory violation involved in this case:

In the instant case, merchandise control officials learned that the appellant's wife's Commissary purchases had exceeded authorized limits. Therefore, a "show and tell" was deemed appropriate. The appellant was contacted and requested to come to the base Merchandise Control Office where he was asked to account for all controlled items of property listed in *his records* maintained by that office. He was unable to account for two clothes washing machines, two clothes dryers, one air-conditioner, one color TV, one sewing machine, and a 1984 Chevrolet automobile. These items of property became the subject of the specification alleging a violation of the above set forth USCINCPACREPPHILINST Instruction.

As best we can determine from the record and a stipulation of facts entered into by the parties at trial, as soon as it was determined that the appellant could not account for the above set forth items of property, he was immediately advised of his Article 31 rights. Thereafter, he was asked questions about what he had done with that property. Some of the information he related served as a basis for preferral of the signing a false document charge.

Under the circumstances present, we hold that the accountability provisions of USCINCPACREPPHILINST 4066.7R can be constitutionality [sic] applied to the appellant. We further find that any incriminating statements he made were preceded by a proper rights advisement. *United States v. Williams*, 29 MJ 112 (CMA 1989); *United States v. Hilton, supra; United States v. Jones, supra*
. . .

Unpub. op. at 2–3 (emphasis added).

At trial a stipulation of fact concerning the circumstances surrounding appellant's offenses was admitted. It stated:

1. At all times pertinent to this case the accused, SSgt Miguel S.R. Gregorio was and is an active duty member of the United States Air Force, stationed at Clark Air Base, Republic of the Philippines, and assigned to the 3d Transportation Squadron.

2. A "show and tell" on the accused was conducted by Clark AB merchandise control officials on 2 June 1987. What that entailed was a request by those officials that the accused, IAW USCINCPACREPPHILINST 4066.7R, enclosure 6, paragraph 2(r), dated 4 April 1986, show possession or authorized disposition of items listed on his merchandise control account. For those items he was unable to show possession or authorized disposition of [sic] the accused, after advisement of his Article 31 rights, was asked

---

2. Although no petition for grant of review was filed this time we will treat the record as properly being here because any mistake in this regard was not made by appellant. We note

that when the record is to be returned to this Court without a petition for grant of review, we shall so indicate. *See United States v. Acosta*, 31 MJ 460 (CMA 1990).

what he'd done with them, or where they were.

3. The accused was unable to show possession or authorized disposition of the following items: two clothes washers, two clothes dryers, one Admiral air conditioner, one JVC color television, one sewing machine, and one 1984 Chevrolet automobile.

4. During the course of questioning as to where the items were that he couldn't show possession or authorized disposition of, the accused indicated that a 1986 Toyota Van and a refrigerator, both of which he'd had placed on his merchandise control account by virtue of a power of attorney given to him by their original owner and presented to merchandise control on 4 December 1986, had actually never been in his possession. This despite his certification to merchandise control on a Merchandise Control Form Letter Number 5, dated 4 December 1986, that those items were in his possession on that date. The utility of the form letter and power of attorney was that they allowed the accused's friend, Sgt Albert Acoba, to clear his account with merchandise control without having to show possession o[r] other authorized disposition of those items, prior to his PCS later that month.

---

■ This case was tried prior to the decision of this Court in *United States v. Lee*, 25 MJ 457 (CMA 1988). *Cf. United States v. Smalls*, 32 MJ 398 (CMA 1991). Furthermore, the record indicates that appel-lant's wife's excess purchases caused military investigators to actually suspect him of regulatory violations prior to the challenged questioning. *United States v. Hilton*, 32 MJ 393 (CMA 1991). *Cf. United States v. Lavine*, 13 MJ 150, 151–52 (CMA 1982). Finally, the record shows that he was not properly advised of his rights until after the military investigators asked him to show certain items; until after these same investigators took him to his house for this purpose; and until after he failed to account for certain items. In these circumstances appellant's conviction of violating the "show and tell" regulation cannot be sustained. *See United States v. Jones*, 31 MJ 189 (CMA 1990); *United States v. Lee, supra. Cf. United States v. Williams*, 29 MJ 112 (CMA 1989).

The decision of the United States Air Force Court of Military Review upon further review is reversed as to Charge I and its specification and the sentence. That Charge is dismissed. The record of trial is returned to the Judge Advocate General of the Air Force for remand to that court for reassessment of the sentence based on the remaining findings of guilty.

Senior Judge EVERETT concurs.

COX, Judge (concurring in part and dissenting in part):

I concur in affirming appellant's conviction for making a false official statement. However, I must respectfully dissent as to the remainder of this opinion. *See* my separate opinions in *United States v. Jones*, 31 MJ 189, 194 (CMA 1990), and *United States v. Lee*, 25 MJ 457, 465 (CMA 1988).