**UNITED STATES**

v.

**Senior Airman George P. KRETCHMER, Jr., FR113–54–2329, United States Air Force.**

**ACM 28901.**

U.S. Air Force Court of Military Review.

Sentence Adjudged 25 May, 1990.

Decided 5 Aug. 1991.

Appellate Counsel for the Appellant: Lieutenant Colonel Jeffrey R. Owens and Major Ronald A. Gregory.

Appellate Counsel for the United States: Colonel William R. Dugan, Jr., Lieutenant Colonel Brenda J. Hollis, Major Mark C. Ramsey, and Captain Thomas E. Wand.

Before O'BRIEN, PRATT and McLAUTHLIN, Appellate Military Judges.

McLAUTHLIN, Judge:

This is another case involving a service-member, suspected of blackmarketing, breaching the regulation requiring him to account for the missing items. We find appellant's conviction survives recent guidance in this area from the Court of Military Appeals, and we affirm.

A merchandise control officer at Clark Air Base, Republic of the Philippines, was informed that appellant was involved in blackmarketing. A check of appellant's records showed purchases of numerous controlled and high value items, including at least two automobiles. As authorized by regulation, appellant was summoned to his orderly room to "show" possession or "tell" of authorized disposition of the items. According to the merchandise control officer's memorandum, "after being read his rights IAW Art 31 of the UCMJ" appellant "waived his rights and consented to the 'show and tell'...." After appellant failed to account for most of the items on the list, appellant "was again read his rights IAW Art 31 of the UCMJ, and declined legal counsel." Appellant then explained that the items in question had been blackmarketed.

Appellant was charged with two specifications of violating a lawful general regulation by failing to show possession or authorized disposition of certain tax-exempt property (paragraphs 2(r) and 3(h), enclosure 6, USACINCPACREPPHILINST 4066.7R, dated April 4, 1986). He moved to dismiss the charge and both specifications, contending the regulation violated Article 31 of the Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 831 *per se*, by forcing him to incriminate himself. Relying on the Court of Military Appeals decision in *United States v. Williams*, 29 M.J. 112 (C.M.A.1989) and this Court's decision in *United States v. Hilton*, 29 M.J. 1036 (A.F.C.M.R.1990), the military judge denied appellant's motion. Appellant then entered

conditional pleas of guilty, preserving the issue for appeal. R.C.M. 910(a)(2).

The Court of Military Appeals reversed our holding in *Hilton*, 32 M.J. 393 (C.M.A.1991), but that reversal does not affect the validity of the conviction in this case. The *Hilton* majority cautioned: "Absent a proper advisement of rights and waiver, the conviction of a suspect servicemember for violating a general regulation authorizing even impliedly incriminating questions cannot lawfully be sustained." *Id.* at 396; *accord United States v. Gregorio*, 32 M.J. 401, 403 (C.M.A.1991).

Before the "show" portion of the "show and tell" and again before the "tell" portion, appellant had the opportunity to exercise his privilege against self-incrimination. He elected not to do so. At trial, appellant never disputed the validity of his rights advisements or his waiver of those rights. In these circumstances, we find that the "show and tell" regulation in question was constitutional as applied to this appellant, and that his conviction for failing to comply with the show and tell order can, therefore, be sustained. *Hilton*, 32 M.J. at 396; *Gregorio*, 32 M.J. at 403; *see also United States v. Jones*, 31 M.J. 189 (C.M.A.1990); *United States v. Lee*, 25 M.J. 457 (C.M.A.1988).

Having examined the record of trial, the assignment of errors, and the government's reply thereto, we have concluded that the findings and sentence are correct in law and fact, the sentence is appropriate, and no error prejudicial to the substantial rights of the accused was committed. Accordingly, the findings of guilty and sentence are

AFFIRMED.

Chief Judge O'BRIEN and Senior Judge PRATT concur.